ROSEMARIE L. GADSON v. NORTH CAROLINA MEMORIAL HOSPITAL AND
THE STATE PERSONNEL COMMISSION

No. 8910SC889

(Filed 19 June 1990)

State § 12 (NCI3d)— promotion of one employee over another
—no retaliation for earlier discrimination grievance

The State Personnel Commission did not err in concluding
that petitioner failed to show that respondent hospital's stated
reasons for promoting another employee over her were merely
a pretext for petitioner's having prevailed in a racial discrimina-
tion claim against respondent ten years earlier, since respond-
ent had legitimate reasons for designing the selection criteria
as it did; size and complexity of respondent hospital made
experience there a legitimate consideration in filling the posi-
tion so that petitioner's experience in other employment was
not considered; any supervisory experience petitioner acquired
between 1975 and 1980 was not given more weight because
the department was smaller and less complex at the time;
experience of the employee who was promoted was weighted
heavily because most of it was after 1981 when the department
installed more sophisticated equipment and the duties of depart-
ment personnel were expanded; differences in the applicants'
job performance evaluations were not significant; there was
no evidence that respondent knew, at the time of the promo-
tion decision, of the other employee's alleged mood swings
and so this could not be considered in the decision; petitioner's
tardiness was considered in making the promotion decision;
and eight years after petitioner had filed and prevailed on
a grievance alleging racial discrimination by the department
director, he rehired petitioner in another position.

Am Jur 2d, Job Discrimination §§ 129, 132, 146, 147,
149, 150, 747, 754.

APPEAL by petitioner from judgment entered 25 May 1989 by *Judge James H. Pou Bailey* in WAKE County Superior Court. Heard in the Court of Appeals 7 March 1990.

This appeal involves respondent North Carolina Memorial Hospital's decision in 1987 to deny a promotion to petitioner Rosemarie L. Gadson, a black woman who prevailed in a racial discrimination claim against the Hospital. She now claims the Hospital's decision not to promote her in 1987 was in retaliation for her 1977 grievance.

In 1977, after several years in the Hospital's Communications Center, Gadson was denied a promotion to the position of Communications Center Supervisor. The position was awarded to a white woman. Andrew Melvin, Director of the Hospital's Communications Department, had made the personnel decision. On hearing Gadson's grievance, the Personnel Commission found that Gadson had been denied the 1977 promotion because of racial discrimination and awarded her back pay and attorney's fees. Gadson continued to work in the Communications Department until September 1980, when she moved out of state with her family.

In August 1985, Gadson returned to North Carolina. Beverly Williams, the Medical Center Telecommunications Supervisor, re-hired Gadson as a Medical Center Telecommunications Specialist I (MCTS I). Melvin, who was still Director of the Communications Department, approved Williams' decision to rehire Gadson.

In March 1987, Gadson and another MCTS I, Wendy L. Freeland, applied for a promotion to MCTS II, a supervisory position. Gadson and Freeland were the only two applicants for the position. Williams, the Medical Center Telecommunications Supervisor, was responsible for filling the vacant MCTS II position. She drafted selection criteria and questions for the applicants and interviewed each applicant. Melvin, the Communications Center Director, reviewed the selection criteria and questions, participated in each applicant's interview, and reviewed each applicant's written materials. After conferring with Melvin and two members of the Personnel Department, Williams promoted Freeland to MCTS II.

In October 1987, Gadson filed a grievance against the Hospital alleging that she had been unfairly denied the promotion. On 27 April 1988, Gadson's case was heard by an Administrative Law Judge. The recommended decision of the A.L.J. concluded that

Gadson had made a prima facie showing of retaliation and that the Hospital had shown legitimate nondiscriminatory reasons for promoting Freeland rather than Gadson. The A.L.J. then concluded that the Hospital's stated nondiscriminatory reasons were only a pretext for retaliation, stating that the hiring process and selection criteria were slanted against Gadson.

The State Personnel Commission adopted all of the A.L.J.'s findings of fact and those conclusions of law regarding Gadson's prima facie case of retaliation and the Hospital's showing of legitimate nondiscriminatory reasons for its action. However, the Commission disagreed with the A.L.J.'s conclusion that "but for the earlier race discrimination case, Petitioner would have been chosen above Ms. Freeland for the promotion to MCTS II." Instead, the Commission concluded that petitioner had failed to carry her burden of proving that the Hospital's stated reasons were merely a pretext for retaliation for past protected activity. Accordingly, the Commission upheld the Hospital's decision not to promote Gadson to MCTS II. On appeal, the superior court affirmed the Personnel Commission's decision. Petitioner appeals.

*Broughton, Wilkins & Webb, by William Woodward Webb, for petitioner appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for the respondent appellee Hospital.*

ARNOLD, Judge.

N.C. Gen. Stat. § 126-36 in pertinent part provides:

"Any State employee . . . who has reason to believe that . . . promotion . . . was denied him . . . in retaliation for opposition to alleged discrimination . . . shall have the right to appeal directly to the State Personnel Commission." "The ultimate purpose of G.S. 126-36, G.S. 143-422.2, and Title VII (42 U.S.C. 2000(e), *et seq.*) is the same; that is, the elimination of discriminatory practices in employment." *Dept. of Correction v. Gibson,* 308 N.C. 131, 141, 301 S.E.2d 78, 85 (1983).

Petitioner does not dispute any of the Commission's findings of fact, nor does she dispute the conclusions of law regarding her prima facie case of retaliation and the Hospital's showing of legitimate nondiscriminatory reasons for its personnel decision. Therefore, the question raised by petitioner's primary assignment of error

is whether the Commission erred in concluding that petitioner failed to show that the Hospital's stated reasons were merely a pretext for retaliation.

Petitioner contends the Commission's order was "[u]nsupported by substantial evidence . . . in view of the entire record as submitted." N.C. Gen. Stat. § 150B-51(b)(5). The "whole record" test requires this Court to consider all the evidence, both that which supports the Commission's decision and that which detracts from it. *Leiphart v. N.C. School of the Arts*, 80 N.C. App. 339, 344, 342 S.E.2d 914, 919, *cert. denied*, 318 N.C. 507, 349 S.E.2d 862 (1986). Gadson argues that substantial evidence supports the conclusion that the Hospital's stated reasons for not promoting her were pretextual because the Hospital had weighted the hiring process and selection criteria against her. Specifically, she argues that the Hospital underemphasized her telecommunications experience outside the Hospital, her supervisory experience at the Hospital, and evaluations of her job performance as a MCTS I, while overemphasizing Freeland's experience in the Communications Center. She also argues that the Hospital considered her tardiness, but did not consider Freeland's behavior problems.

There is, however, substantial evidence in the record that the Hospital had legitimate reasons for designing the selection criteria as it did and that, therefore, the Hospital's stated reasons for its decision were not a pretext for discrimination. Williams testified that the size and complexity of the Hospital made experience at the Hospital a legitimate consideration in filling the MCTS II position. Melvin testified that any supervisory experience Gadson acquired between 1975 and 1980 was not given more weight because the department was smaller and less complex at that time. Similarly, Freeland's experience in the Communications Center was weighted heavily because most of it was after 1981, when the Center installed more sophisticated equipment and the duties of Center personnel were expanded. Melvin testified that the differences in the applicants' job performance evaluations were not significant because both received high ratings and any slight differences were attributable to different supervisors' evaluation styles. Finally, there was no evidence that the Hospital knew, at the time of the promotion decision, of Freeland's alleged mood swings, so these behavior problems could not have been considered. Gadson's tardiness was, however, documented by the Hospital and was considered in making the promotion decision. Moreover, evidence showed

GADSON v. N.C. MEMORIAL HOSPITAL

[99 N.C. App. 169 (1990)]

that in 1985, eight years after Gadson had filed and prevailed on a grievance alleging racial discrimination by Melvin, the Communications Department Director, he approved the hiring of Gadson as a MCTS I. Petitioner offers no explanation for why Melvin would retaliate against her in 1987 for her 1977 opposition to discrimination when he did not do so in 1985.

From the whole record, substantial evidence supports the Commission's conclusion that the Hospital's stated reasons were legitimate and not a pretext for discrimination. Conversely, there is lacking substantial evidence that retaliation for past opposition to discrimination was the Hospital's "predominant reason," *see Ross v. Communications Satellite Corp.*, 759 F.2d 355 (1985), for denying Gadson the promotion.

Petitioner makes two further assignments of error under N.C. Gen. Stat. § 150B-51. She contends first that the Personnel Commission heard new evidence after receiving the A.L.J.'s recommended decision, and second, that the agency did not state the specific reasons for not adopting the A.L.J.'s recommended decision. We reject both these arguments. First, the Commission rejected the A.L.J.'s conclusion that the Hospital's reasons for not promoting Gadson were pretextual by stating in part that "said conclusion is inconsistent with prior decisions of this Commission." This statement in no way shows the Commission considered new evidence after receiving the A.L.J.'s recommended decision. Second, the Commission stated that Gadson had failed to carry the burden of showing that the Hospital's reasons for not promoting her were pretextual and discussed the shortcomings of Gadson's evidence. This is a sufficient statement of specific reasons for rejecting the A.L.J.'s recommended decision.

Petitioner's remaining assignments of error essentially repeat the substance of those already reviewed and we reject them without further discussion.

No error.

Judges JOHNSON and ORR concur.